UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STAMPEDE EQUIPMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MACHINERY EQUIPMENT REBUILDER, INC. D/B/A MACHINERY EQUIPMENT REBUILDER'S<br><br>    Defendant. | Civil Action No. 1:23-cv-00384 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff STAMPEDE EQUIPMENT, LLC ("Stampede") files its Original Complaint against Defendant MACHINERY EQUIPMENT REBUILDERS, INC. ("MER") and would show the Court as follows:

**I.    PARTIES**

1. Stampede Equipment, LLC is a Texas limited liability company with its principal place of business at 1085 County Road 239, Florence, Texas 76527.

2. Machinery Equipment Rebuilder, Inc. is a New Jersey for-profit corporation with a principal place of business at 505 Sharrotts Road, Staten Island, NY 10309 and may be served through its registered agent, Paul Miller at the office of the registered agent, 701 Trinity Street, South Plainfield, New Jersey 07080 or at the MER principal place of business, 505 Sharrotts Road, Staten Island, NY 10309, or wherever else he may be found.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in under 28 U.S.C. § 1391 (b)(1), (2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. EXHIBITS

5. Attached hereto and incorporated herein for all purposes are true and correct copies of the following Exhibits:

| **EXHIBIT A** | Demand Letter to MER, September 14, 2022 with Attachments |
|---|---|
| **EXHIBIT B** | Additional Communications between counsel and MER |
| **EXHIBIT C** | Parts Estimate for replacement gear box |

## IV. FACTS

6. In March 2022, Stampede hired MER to repair seven (7) planetary gear boxes used in large stone cutting saws. Those seven (7) gear boxes were shipped to MER from Stampede on March 29, 2022. *See* **Exh. A.**

7. On April 18, 2022, MER sent an invoice to Stampede for repair of four (4) of the planetary gear boxes at a total invoiced price of $53,460.00. **Exh. A, p. 9 (Attachment 1).**

8. Stampede paid that invoice in two wire transfers of $26,730.00 each made on April 18, 2022 and May 12, 2022. **Exh. A, p. 9-10 (Attachment 2).**

9. Since those payments were made, MER has failed to return the four (4) repaired gear boxes to Stampede and has failed to repair or return the remaining three (3) gear boxes.

10. Soon after payment was made on the initial four (4) repaired gear boxes, Stampede managing member Fabian Hernandez sent numerous texts to MER's Paul Miller requesting the return of, at least, the four repaired gear boxes.

11. On June 1, Mr. Miller stated that the gear boxes had shipped by freight and would likely take about seven (7) days to arrive. **Exh. A at p. 17.** On June 8, Mr. Miller promises to provide tracking information for the four (4) repaired gear boxes. **Exh. A at p. 19.** Mr. Miller then claims that the gear boxes were shipped out and returned as no one was available at Stampede to receive them. **Exh. A at p. 20.** Mr. Miller then states on the same day that he had the gear boxes scheduled to be picked up by Fedex Freight. **Exh. A at p. 21.**

12. On June 14, Mr. Miller claims that "one of my men is gonna be to you this week with your gearboxes he will deliver them to you." **Exh. A at p. 22.** As of June 21, the gear boxes had still not been returned to Stampede.

13. On June 22, Mr. Miller again claims that, "My driver is on the road with them he will be delivering them to you." **Exh. A at p. 25.** Once again, the gear boxes never arrived as of June 30. **Exh. A at p. 26.**

14. In a further text exchange on July 23, 2022, Paul Miller definitively states, " All gearboxes will be sent to you next week…we will send all 7 gearboxes to you next week fully repaired" and "we will work out a price owed for the 3 remaining unpaid gearboxes." **Exh. A at p. 29.**

15. Interestingly, on August 2, Mr. Miller again states, "All boxes are complete even the other ones they are being tested I will send you all the reports and failure analysis and ship them out to you this week…." **Exh. A at p. 30.** Still having not received the gearboxes, Mr. Hernandez texts once again on August 15 stating, "Still waiting" and again asking for a tracking number for the gearboxes. **Exh. A at p. 31.**

16. Almost five months after initially shipping the gearboxes to MER for repair and four months after Stampede had paid $53,460.00 for the repair of four (4) gearboxes, Stampede had still not received its gearboxes back. Stampede contacted its undersigned counsel who then sent a demand for immediate return and notice of claims under the Texas Deceptive Trade Practices Act (DTPA) and the Uniform Commercial Code on September 14, 2022. **Exh. A.**

17. Counsel had several further email and telephone communications with MER's Mr. Paul Miller over the course of November 2022 where Mr. Miller changed his story and was now claiming he only had six (6) Stampede gear boxes and promising to take pictures, which he never did. **Exh. B.**

18. Stampede has demanded return of its gearboxes for over ten months to no avail. To date, MER has refused to return any of the gear boxes despite multiple promises that they would "ship next week" or were on the way. At this point, Stampede believes MER has no intention of returning the seven gear boxes nor refunding any of the $53,460.00 that Stampede has paid MER for repairs.

19. As of the date of filing of this Original Complaint, MER has been paid $53,460.00 and still holds seven (7) gear boxes that rightfully and legally belong to Stampede.

20. The cost to replace one (1) planetary gear box has been estimated at $28,067.86. **Exh. C.** The total cost to replace all seven (7) gear boxes would be almost $200,000.00.

## V.   CAUSES OF ACTION

21. All paragraphs above are incorporated as if set out fully herein.

22. Stampede asserts causes of action against MER for Breach of Contract, Conversion, Violation of the Texas Theft Liability Act, Violation of the Texas Deceptive Trade Practices Act, Negligent Misrepresentation and Unjust Enrichment.

### A.   Breach of Contract

23. All paragraphs above are incorporated as if set out fully herein.

24. Pursuant to the invoice sent by MER to Stampede on April 18, 2022 (**Exh. A, p. 7**), MER acknowledges it received a verbal purchase order from Fabian Hernandez of Stampede creating, at the very least, a verbal contract for the repair of four (4) of Stampede's gear boxes. Stampede shipped the gear boxes to MER for repair pursuant to that verbal contract and MER repaired at least four (4) of the gearboxes. MER further acknowledges that it repaired all seven (7) Stampede gear boxes pursuant to the agreement. **Exh. A, p. 27 and 30.**

25. MER has breached the contract for repair of the seven (7) Stampede gearboxes by failing to return those gear boxes to Stampede.

26. MER's actions constitute a breach of the valid and enforceable contract between the parties and are the proximate cause of the direct and consequential damages suffered by Plaintiff and for which Plaintiff sues.

### B.   Conversion

27. All paragraphs above are incorporated as if set out fully herein.

28. Stampede owns the seven (7) planetary gear boxes sent to MER for repair. These gear boxes are the personal property of Stampede.

29. Defendant MER has in the past and continues to wrongfully exercise dominion or control over the Stampede gear boxes despite notice that Defendant has no ownership rights with respect to the Stampede gear boxes and does not have any right to continued possession of the gear boxes.

30. Defendant MER came into possession of the Stampede gear boxes pursuant to an agreement between the parties for MER to repair the gear boxes. Defendant does not own the Stampede gear boxes and has no right to continued possession of the Stampede gear boxes.

31. Plaintiff Stampede has been damaged by Defendant MER's continued actions with respect to the Stampede gear boxes.

32. As a result of MER's conversion of the Stampede gear boxes, Stampede seeks return or replacement of the gear boxes and actual monetary damages in the sum of money necessary to compensate Stampede for actual losses sustained including, but not limited to, (i) actual monies paid to MER for repair of the gear boxes, (ii) loss of use of the gear boxes, (iii) return of the gear boxes, and/or (iv) the cost to replace the gear boxes.

33. Additionally, Stampede's injury resulted from MER's malice or actual fraud, which entitles Stampede to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

    **C.    Violation of Texas Theft Liability Act**

34. All paragraphs above are incorporated as if set out fully herein.

35. At all times, Stampede has had a possessory right to the Stampede gear boxes.

36. MER has unlawfully appropriated, secured, or stole the Stampede gear boxes by keeping them without Stampede's effective consent in violation of Section 31.03 of the Texas Penal Code.

37. Stampede sustained and continues to sustain monetary damages as a result of the theft.

38. Upon proof of actual damages, Stampede seeks additional statutory damages up to $1,000 from MER pursuant to Texas Civil Practice & Remedies Code §134.005(a)(1).

39. Stampede also seeks court costs and attorney fees from MER pursuant to Texas Civil Practice & Remedies Code §134.005(b).

40. Additionally, Stampede's injury resulted from MER's malice or actual fraud, which entitles Stampede to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

### D. Violation of Texas Deceptive Trade Practices Act

41. All paragraphs above are incorporated as if set out fully herein.

42. Plaintiff Stampede would show that Defendant MER engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. & Comm. Code, § 17.41 et seq. as alleged below.

43. <u>Violations of § 17.46(b).</u> Defendants violated Tex. Bus. & Comm. Code, § 17.46(b) in that Defendants:

    a) Advertising goods or services with the intent not to sell them as advertised;

    b) Represented that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

    c) Knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

    d) Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

    e) Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

44. <u>Breach of Warranties.</u> Plaintiffs would show that the following warranties were breached and are therefore actionable under Tex. Bus. & Comm. Code, § 17.50(a)(2) and the Uniform Commercial Code:

    a) Breach of an express warranty insofar as MER made affirmations of fact or made promises to Stampede which relate to the repair and shipment of the gear boxes where such statements become part of the basis of the bargain such that the goods shall conform to the affirmation or promise.

    b) Breach of the implied warranty that the repair services or the repaired gear boxes will be fit for a particular purpose.

45. MER's acts, practices and/or omissions complained of were the producing cause of Stampede's damages more fully described herein.

46. Stampede would further show that MER's acts, practices and/or omissions complained of under Tex. Bus. Comm. Code § 17.46(b) were relied upon by Stampede to its detriment.

47. Plaintiff Stampede, through counsel, served Defendant MER with a DTPA Demand mailed on September 14, 2022 and received by MER more than 60 days prior to the filing of this lawsuit.

    E.    **Negligent Misrepresentation**

48. All paragraphs above are incorporated as if set out fully herein.

49. Plaintiff Stampede would show that Defendant MER supplied false information on multiple occasions in the course of their business, profession or employment, or in the course of a transaction in which Defendant MER has a pecuniary interest, and that such information was provided for the guidance of Stampede in the transactions that are the basis of these claims. MER failed to exercise reasonable care or competence in obtaining or communicating such

information. Stampede avers that it has suffered damages as more fully described herein which were proximately caused by Stampede's justifiable reliance on such information. Accordingly, Plaintiff asserts a cause of action for negligent misrepresentation against Defendant.

### F.  Unjust Enrichment

50. All paragraphs above are incorporated as if set out fully herein.

51. Stampede shipped seven (7) gear boxes to MER for repair and return.

52. Stampede has already paid MER $53,460.00 for the repair and return of four (4) of the gear boxes. Stampede does not dispute that the funds have been paid by Stampede.

53. MER has not returned any of the gear boxes to Stampede.

54. It would be inequitable for MER to keep the $53,460.00 paid by Stampede and not return any of Stampede's gear boxes.

55. As a result of MER's failure to return Stampede's gear boxes and Stampede's payment of $53,460.00 to MER, MER has been unjustly enriched and damaged Stampede.

## VI.  JURY DEMAND

56. Plaintiff Stampede hereby respectfully demands trial by jury.

## VII.  PRAYER

Plaintiff respectfully requests that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

1. An order for the return of Stampede's stolen or converted gear boxes;
2. Actual and exemplary damages;
3. Statutory damages of $1,000.00;
4. Pre-judgment and post-judgment interest along with Court costs.

5. Attorney fees.

6. All other relief in law and equity to which Plaintiff is justly entitled.

Dated:  April 4, 2023                         THE FOWLER LAW FIRM, P.C.


                                                                                      */s/ Michael J. Smith*
Michael J. Smith
Texas State Bar No.24037517
8310 N. Capital of Texas Hwy., Suite 1-150
Austin, Texas 78731
Telephone: 512.441.1411
Facsimile: 512.469.2975
Email: msmith@thefowlerlawfirm.com
*Attorney for Defendants*