FILED
October 31, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____klw_____
                         DEPUTY

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STAMPEDE EQUIPMENT, LLC, § § Plaintiff, § § v. § § MACHINERY EQUIPMENT § REBUILDER, INC. D/B/A MACHINERY § EQUIPMENT REBUILDER'S § § Defendant. § | Civil Action No. 1:23-cv-00384 |

## DEFENDANT MACHINERY EQUIPMENT REBUILDERS, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Machinery Equipment Rebuilders, Inc. ("MER"), by and through its undersigned counsel, and files its Answer in response to the Original Complaint filed by Plaintiff, Stampede Equipment, LLC ("Stampede"), and in doing so, respectfully states as follows:

### I. PARTIES

1. Admitted in part. MER admits that Stampede Equipment, LLC is a Texas limited liability company. The remaining allegations are outside the knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

2. Admitted.

### II. JURISDICTION AND VENUE

3. Admitted that jurisdiction is proper pursuant to 28 U.S.C. § 1332 (a)(1) for the reasons stated in the Complaint. MER leaves Stampede to its proof regarding the specific amount in controversy.

4. Admitted.

## III. EXHIBITS

5. MER lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies them. The contents and authenticity of those exhibits are subject to verification.

## IV. ANSWERS TO PLAINTIFF'S FACTUAL ALLEGATIONS

6. Denied. MER acknowledges receipt and repair of only three initial units from Stampede, and not the seven (7) alleged.

7. Admitted in part. MER admits sending an invoice to Stampede for repairs. However, the invoice was for only three (3) units.

8. Admitted.

9. Denied. MER avers that after repairing the three initial units, Plaintiff sent three additional units for repair.

10. Admitted in part. MER acknowledges communication with Fabian Hernandez but denies the specific allegations regarding the content of those communications.

11. Denied as to the details of the communication. MER acknowledges communications but lacks sufficient information to confirm specific dates and content of texts.

12. Denied. MER denies the specific allegations of the contents of these communications.

13. Denied. MER denies the specific allegations of the contents of these communications.

14. Denied. MER denies the specific allegations of the contents of these communications.

15. Denied. MER denies the specific allegations of the contents of these communications.

16. Denied. MER repaired and was prepared to return the gear boxes upon Plaintiff's payment of the amount due for repairing the six (6) gearboxes it received from Plaintiff.

17. Admitted in part. MER acknowledges further communication but denies the content and context of the said communications.

18. Denied. MER always intended to return the gear boxes and never refused to do so.

19. Denied. MER asserts that Stampede offered MER to sell the three additional units that Stampede no longer wanted.

20. MER lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, DENIES them.

## V. CAUSES OF ACTION

21. No response is required to this paragraph.

22. No response is required to this paragraph.

### A. Breach of Contract

23. No response is required to this paragraph.

24. Denied in part. MER acknowledges a verbal agreement but denies the specifics of that agreement as portrayed by Plaintiff.

25. Denied.

26. Denied.

### B. Conversion

27. No response is required to this paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### C. Violation of Texas Theft Liability Act

34. No response is required to this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### D. Violation of Texas Deceptive Trade Practices Act

41. No response is required to this paragraph.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### E. Negligent Misrepresentation

48. No response is required to this paragraph.

49. Denied in full. MER did not supply any false information, and any information provided was in good faith and with reasonable care. Furthermore, MER disputes that Stampede suffered damages proximately caused by any justifiable reliance on information provided by MER.

### F. Unjust Enrichment

50. No response is required to this paragraph.

51. As previously stated, MER acknowledges receipt and repair of only three (3) initial gear boxes from Stampede and three (3) additional units, for which no payment was tendered.

52. Admitted in part. MER acknowledges receipt of the sum of $53,460.00 from Stampede for services rendered. The specific breakdown of this payment, in relation to the number of gear boxes, is denied.

53. Denied. MER has always intended to return the gear boxes and disputes any allegation suggesting an intention not to do so.

54. Denied.

55. Denied. MER denies any claims of unjust enrichment and any related damages to Stampede. Any payments received by MER were in good faith and for services rendered.

### VI. DEFENSES

A. **Failure to Mitigate Damages**: Stampede had a duty to mitigate its alleged damages and failed to do so. MER should not be held responsible for any damages that could have been avoided by reasonable efforts on the part of Stampede.

B. **Unclean Hands**: Defendant MER asserts the affirmative defense of unclean hands. Specifically, MER alleges that Plaintiff Stampede engaged in inequitable, unfair, or unjust conduct directly related to the subject matter of the claims asserted in the complaint. As a result, Stampede should be barred or estopped from asserting its claims against MER due to its own misconduct.

C. **Set-off**: Any amounts due to Plaintiff are offset by the value of the work and services provided by Defendant which have not been compensated.

D. **Affirmative Defense – Consent**: Defendant asserts that Stampede provided MER explicit consent and direction to sell the additional units after indicating that the repairs were no longer necessary. This consent absolves Defendant of any liability associated with retaining the gear boxes.

E. **Estoppel**: Given that Plaintiff explicitly told Defendant to sell the gear boxes, Plaintiff is estopped from now claiming damages as a result of Defendant's actions in reliance upon Plaintiff's representations.

F. **Limitation of Liability**: Any liability MER may have to Stampede is limited to the terms of any agreement between the parties, either written or verbal.

G. Defendant Machinery Equipment Rebuilders, INC. reserves the right to amend and/or add additional affirmative defenses as discovery progresses and as the facts and circumstances of this case develop.

## VII. PRAYER

**WHEREFORE**, Defendant, Machinery Equipment Rebuilders, Inc., prays:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Defendant be awarded its costs and fees incurred in defending this action;
3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated August 29, 2023.
Respectfully submitted,

*/s/ Alexey Tarasov*

Alexey V. Tarasov, Esq.
Attorney for Petitioner/Plaintiff
*Pro Hac Vice* pending
5211 Reading Road,
Rosenberg, Texas 77471
Tel.: 832-623-6250
Fax: 832-558-3540
E-mail: alexey@tarasovlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system on August 29, 2023.

        Respectfully submitted,

        /s/ Alexey V. Tarasov

        Alexey V. Tarasov, Esq.
        Attorney for Defendant